UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEE JOINER and ANTHONY BADGER, | ) ) ) | |
| Plaintiffs, | ) ) | No.  21 C 4969 |
| v. | ) ) ) | Formerly Case No. 2021 L 003832 |
| JAIME TAYLOR, and PARAGON SYSTEMS, INC., | ) ) ) | Circuit Court of Cook County, Illinois |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:  Iris Martinez                                  Christina A. Papavasiliou
     Clerk of the Circuit Court                180 N. LaSalle Street
     Richard J. Daley Center, Room 1001   Suite 3700
     50 West Washington Street             Chicago, Illinois 60601
     Chicago, Illinois 60602

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679, and in support thereof states the following:

1.       On April 12, 2021, plaintiff commenced the above civil action against Jamie Taylor and Paragon Systems, Inc., in the Circuit Court of Cook County alleging breach of contract, promissory estoppel, tortious interference, and fraudulent concealment. Copies of all process, pleadings and orders served upon the defendant are attached pursuant to 28 U.S.C. § 1446(a) as Exhibit A.

2.      This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) upon certification by the designee of the Attorney General of the United States that defendant Jaime Taylor was acting within the scope of his federal employment at the time of the incident(s) alleged in the complaint.  Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial.  28 U.S.C. § 2679(d)(2).  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendant Jamie Taylor.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d), and the United States is substituted as the defendant in lieu of Jamie Taylor.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Paraisia Winston Gray
    PARAISIA WINSTON GRAY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 469-6008
    paraisia.winston.gray@usdoj.gov

2

# Exhibit A

FILED
8/26/2021 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L003832

14590385

FILED DATE: 8/26/2021 12:18 PM    2021L003832

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**                    **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Bradlee Joiner and
Anthony Badger

_____
Plaintiff's

v.

Case No.    2021 L 003832

Jamie Taylor
_____
Defendant s

3407 Breitweiser Lane, Naperville, IL 60564
_____
Address of Defendant s

Please serve as follows (check one):    Certified Mail    Sheriff Service    Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons
(12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

- Atty. No.: 49991
  Pro Se 99500

Name: Christina A. Papavasiliou

Atty. for (if applicable):

Address: 180 N. LaSalle Street, Suite 3700

City: Chicago

State: IL  Zip: 60601

Telephone: (312) 379-9580

Primary Email: christina@cplawchicago.com

Witness date: 8/26/2021 12:18 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail

Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FILED DATE: 8/26/2021 12:18 PM  2021L003832

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED
4/12/2021 2:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L003832

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| **BRADLEE JOINER** and **ANTHONY BADGER,** | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No.    2021L003832 |
| **JAMIE TAYLOR AND** **PARAGON SYSTEMS, INC.** | ) ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) | |

## VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiffs, BRADLEE JOINER and ANTHONY BADGER, by and through their attorney, CHRISTINA A. PAPAVASILIOU, and for their Verified Complaint at Law against Defendants JAMIE TAYLOR AND PARAGON SYSTEMS, INC., state as follows:

The Verified Complaint seeks damages for Breach of Contract; Promissory Estoppel; Tortious Interference with Contract; Tortious Interference with Prospective Economic Relations; Fraudulent Concealment; and for Intentional Infliction of Emotional Distress.

### JURISDICTION and VENUE

1.    Plaintiff Bradlee Joiner is a citizen of the State of Illinois and resides in Cook County.

2.    Plaintiff Anthony Badger is a citizen of the State of Illinois and resides in Cook County.

3.    Upon information and belief, the Defendant, JAMIE TAYLOR, is a citizen of the State of Illinois and resides in Cook County.

4.    PARAGON SYSTEMS, INC. is a corporation with offices in Chicago, Illinois and does business in the State of Illinois.

FILED DATE: 4/12/2021 2:44 PM   2021L003882

5.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because the transactions out of which these causes of action arose, or substantive parts thereof, occurred in Cook County, Illinois.

**JURY TRIAL**

6.    Plaintiff demands a jury trial.

**STATEMENT OF FACTS COMMON TO ALL COUNTS**

7.    Plaintiffs, at all relevant times herein, were employed by Paragon Systems, Inc., (hereinafter referred to as "Paragon") as Protective Security Officers (hereinafter referred to as "PSO").

8.    At all times during their employment, Plaintiffs enjoyed spotless disciplinary records.

9.    Upon information and belief, at all relevant times herein, each agent or actor who was acting on behalf of Defendant Paragon was acting within the scope and course of his or her employment.

10.   Throughout the time that Plaintiffs were employed by Defendant Paragon, they never received written work evaluations but were regularly commended verbally on their work ethic and performance by multiple supervisors, including Lieutenant Massy (first name unknown) and Lieutenant Ramirez (first name unknown).

11.   At all times during Plaintiffs' employment by Defendant Paragon, Plaintiff received direction from multiple supervisors, including Lieutenant Massy, Lieutenant Ramirez, and several other supervisors from whose names are as yet unknown.

2

FILED DATE: 4/12/2021 2:44 PM   2021L003832

12. Plaintiffs' daily duties as PSO consisted of monitoring the magnetometer at the employment site, monitoring building security, screening admittees, checking federal and public credentials, and inspecting bags as needed.

13. On or about April 11, 2019, Plaintiffs encountered a person in the course of his employment by the name of Ozzie Scott (hereinafter "Scott") who was uncooperative, and which encounter (hereinafter referred to as "the encounter") resulted in a physical struggle with Plaintiffs.

14. The encounter was captured on video, which is Exhibit A of this Complaint and is incorporated by reference only.

15. On or about April 12th, 2019. Defendant Jamie Taylor wrote a report of the encounter.

16. Plaintiffs requested a copy of the report and his request was refused by Defendant Taylor.

17. Taylor stated, "Due to this being an open investigation, I'm not allowed to make a copy of the report today."

18. Plaintiff Bradlee Joiner asked to take a picture of the report with his phone. and was told by Taylor that if he did take a picture with his phone his phone would be confiscated.

19. Lieutenant Ramirez agreed with Taylor that Plaintiffs could not take a photograph of the report.

20. Plaintiff Bradlee Joiner contacted union representative Carrie Upshaw and was told it was within his rights to have a copy of the report.

21. Plaintiff Bradlee Joiner told Taylor that his union representative explained that it was his legal right to have a copy of the report.

22. Taylor told Plaintiff Bradlee Joiner that he would need to complete a Freedom of Information Act request in order to obtain the report.

3

FILED DATE: 4/12/2021 2:44 PM   2021L003832

23. On or about April 12, 2019, Defendant Jamie Taylor submitted his final official report, which report stated "verbal statements conflicted with what the video footage shows." A copy of the report is attached to this Complaint as Exhibit B and made part of it by this reference.

24. Plaintiffs' statements at all times regarding the encounter were consistent with the video footage, as well as with what actually happened.

25. In his official report, Defendant Jamie Taylor falsely stated that Plaintiff Bradlee Joiner misrepresented the encounter during questioning.

26. In his official report, Defendant Jamie Taylor falsely stated that Plaintiff Bradlee Joiner used his baton without justification.

27. In his official report, Defendant Jamie Taylor falsely stated that Plaintiff Bradlee Joiner struck Scott with his baton after he was lying on the floor motionless and in handcuffs.

28. Before making the above statements, Defendant Jamie Taylor failed to reasonably investigate the degree to which Scott was being uncooperative.

29. Before making the above statements, Defendant Jamie Taylor failed to reasonably investigate whether Plaintiff Bradlee Joiner struck Scott with his baton when Scott was motionless and in handcuffs.

30. Plaintiffs' actions throughout the encounter were consistent with the way that Defendant Paragon had trained them to respond to uncooperative persons.

31. In response to the encounter, Defendant Paragon informed Plaintiffs that they were being suspended without pay, and promised that the incident would be thoroughly investigated. A copy of the Suspension Report is attached to this Complaint as Exhibit C and made part of it by this reference.

4

FILED DATE: 4/12/2021 2:44 PM 2021L003832

32. Defendant Paragon promised Plaintiffs that if no misconduct was discovered they would be reinstated when the investigation was completed. See Exhibit C.

33. At the time of their training, Plaintiffs were informed that in the event of termination, they would be required to return his bulletproof vest and weapon box.

34. To this day, Bradlee Joiner has not been informed as to the results of the investigation.

35. To this day, Bradlee Joiner has not been terminated.

36. Plaintiff Bradlee Joiner is in possession of his vest and weapon box.

37. On June 10, 2019, Plaintiff was informed that the Committee for Fair and Equal Representation Union had filed a FOIA request for the video and the report.

38. Since the date of the encounter, Plaintiff Bradlee Joiner has regularly and repeatedly contacted Defendant and requested to return to work.

39. On April 11, 2019, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

40. On July 8, 2019, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

41. On September 10, 2019, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

42. On October 22, 2019, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

43. On December 2, 2019, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

44. On March 12, 2020, Plaintiff Bradlee Joiner inquired via email as to the status of the investigation and the status of his employment.

FILED DATE: 4/12/2021 2:44 PM   2021L003832

45. Despite all of the aforementioned requests, Plaintiff Bradlee Joiner never received a definite answer as to whether he had been terminated, or whether he would be able to return to work.

46. On two occasions since the encounter, Plaintiffs were asked to complete mandatory training, further suggesting that they were still employed by Paragon.

47. Defendant Paragon did not, at any time, discover any wrongdoing on the part of Plaintiffs.

48. Defendant Paragon has refused to allow Plaintiff Bradlee Joiner to return to work, notwithstanding that Paragon has claimed, at all relevant times, that Bradlee Joiner is still employed by Paragon.

49. As a result of Defendants' wrongful conduct, Plaintiffs have lost substantial earnings and other job related benefits.

50. As a result of being left in a state of perpetual limbo regarding his employment, Plaintiffs suffered severe financial hardship, of which they informed Defendant on several occasions.

51. Plaintiffs have also suffered severe emotional distress, embarrassment and humiliation.

52. Defendants took an unreasonable amount of time to investigate the incident, causing unnecessary damages to Plaintiffs.

53. Defendant Paragon never informed Plaintiff Bradlee Joiner as to whether misconduct was discovered.

54. Defendants did not adequately investigate whether Jamie Taylor's report was correct.

55. On or about November 3, 2020, Private Security Officer Anthony Badger received an invitation from Paragon to return to work.

## COUNT I – BREACH OF CONTRACT

56. Plaintiff incorporates and realleges Paragraphs 1-55 as if set forth fully herein.

6

FILED DATE: 4/12/2021 2:44 PM   2021L003832

57. At the time of Defendant's offer of employment to Plaintiff, Defendant stated unambiguously that if Plaintiff were to be terminated, he would be asked to turn in his vest and weapon box.

58. At the time that Plaintiffs were suspended without pay, Defendants stated unambiguously that if no wrongdoing by Plaintiffs was uncovered by the investigation, Plaintiffs would be reinstated. See Exhibit C.

59. The aforementioned promise to investigate and reinstate constituted a binding contract.

60. The aforementioned statements constituted binding conditions of employment.

61. Plaintiffs relied on the aforementioned statements, in that they did not seek re-employment in the first month of investigation, because they knew he had done nothing wrong and had hoped for a quick resolution.

62. Plaintiffs relied on the aforementioned statements, in that after several months had passed, they sought only temporary employment in the hope of eventually returning to work.

63. At the time of filing of this Complaint, Defendants breached their agreement with Plaintiffs by failing to adequately, timely or diligently investigate alleged wrongdoing by Plaintiffs.

64. At the time of filing of this Complaint, Defendant Paragon has breached its agreement with Plaintiff Bradlee Joiner by indefinitely terminating his pay.

65. At the time of filing of this Complaint, and at all relevant times, Defendant knew that Plaintiffs were able, available and willing to perform all of the duties of their employment.

66. Defendant was aware of Plaintiffs' actions in reliance on its promise, because Defendant received multiple emails from Plaintiff Bradlee Joiner inquiring about the status of his suspension.

7

FILED DATE: 4/12/2021 2:44 PM   2021L003832

67. As a result of the breach of Defendant in its obligations pursuant to the terms of Bradlee Joiner's employment, the full amount of pay withheld from Plaintiff Bradlee Joiner, less his wages earned from temporary employment, is now due in the amount of $115,000.00, which amount continues to accrue, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

68. As a result of the breach of Defendant in its obligations pursuant to the terms of Anthony Badger employment, the full amount of pay withheld from Plaintiff Anthony Badger, less his wages earned from temporary employment, is now due in the amount of $55,000.00, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR, jointly and severally and award costs, fees, and damages in the amount of 115,000.00 to be awarded to Plaintiff Bradlee Joiner and $55,000.00 to be awarded to Plaintiff Anthony Badger.

## COUNT II – PROMISSORY ESTOPPEL

69. Plaintiffs incorporate and reallege Paragraphs 1-68 as if set forth fully herein.

70. At the time of Defendant's offer of employment to Plaintiffs, Defendant made an unambiguous promise to Plaintiffs that if Plaintiffs were to be terminated, he would be asked to turn in his vest and weapon box.

71. At the time that Plaintiffs was suspended without pay, Defendants made an unambiguous promise to Plaintiffs that if no wrongdoing by Plaintiff was uncovered by the investigation, Plaintiffs would be reinstated. See Exhibit C.

8

FILED DATE: 4/12/2021 2:44 PM    2021L003832

72. Plaintiffs relied on the aforementioned statements, in that they did not seek re-employment in the first month of investigation, because they knew they had done nothing wrong and had hoped for a quick resolution.

73. Plaintiffs relied on the aforementioned statements, in that after several months had passed, they sought only temporary employment in the hope of eventually returning to their jobs.

74. There was every reason for Defendant to foresee that Plaintiffs would rely on their representations to him.

75. As a result of the breach of Defendant in its obligations pursuant to the terms of Bradlee Joiner's employment, the full amount of pay withheld from Plaintiff Bradlee Joiner, less his wages earned from temporary employment, is now due in the amount of $115,000.00, which amount continues to accrue, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

76. As a result of the breach of Defendant Paragon Systems in its obligations pursuant to the terms of Anthony Badger employment, the full amount of pay withheld from Plaintiff Anthony Badger, less his wages earned from temporary employment, is now due in the amount of $55,000.00, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR, jointly and severally and award costs, fees, and damages in the amount of 115,000.00 to be awarded to Plaintiff Bradlee Joiner and $55,000.00 to be awarded to Plaintiff Anthony Badger.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT

77. Plaintiff incorporates and realleges Paragraphs 1-76 as if set forth fully herein.

9

FILED DATE 4/12/2021 2:44 PM 2021L003832

78. Defendant Jamie Taylor knew of the contractual relationship between Plaintiffs and Paragon Systems.

79. Upon information and belief, Defendant James Taylor made false statements on a federal form about the circumstances of Plaintiffs' performance of their employment duties.

80. With respect to the encounter on or about April 11, 2019, Defendant Jamie Taylor knew or should have known that Plaintiffs responded to the situation consistent with their training.

81. With respect to reporting false statements about Plaintiffs, Defendant Jamie Taylor knew or should have known that the statements would prejudice Plaintiffs' employment..

82. Jamie Taylor's false statements were made intentionally, maliciously, with knowledge that the statements were false, and in reckless disregard for the truth.

83. Upon information and belief, Defendants took the aforementioned actions with the intention to interfere with Plaintiffs' employment by Paragon Systems.

84. Defendants' actions were the proximate and actual cause of Plaintiffs' loss of earnings.

85. As a direct and proximate cause of Defendants' actions, Plaintiffs were damaged relative to, but not limited to, loss of past and future earnings and deductions to their competitive position in the marketplace.

86. As a direct and proximate result of the tortious actions of Defendants in their interference with Plaintiffs' employment, the full amount of pay withheld from Plaintiff Bradlee Joiner, less his wages earned from temporary employment, is now due in the amount of $115,000.00, which amount continues to accrue, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

87. As a direct and proximate result of the tortious actions of Defendants in their interference with Plaintiffs' employment, the full amount of pay withheld from Plaintiff Anthony Badger, less

his wages earned from temporary employment, is now due in the amount of $55,000.00, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR, jointly and severally and award costs, fees, and damages in the amount of 115,000.00 to be awarded to Plaintiff Bradlee Joiner and $55,000.00 to be awarded to Plaintiff Anthony Badger.

## COUNT IV – TORTIOUS INTERFERENCE WITH
## PROSPECTIVE ECONOMIC RELATIONS

88. Plaintiff incorporates and realleges Paragraphs 1-87 as if set forth fully herein.

89. As a result of Plaintiffs being fully willing and able to perform the duties of their employment, they had a reasonable expectation to secure various types of employment including, but not limited to work as security officers for other companies.

90. Defendants were aware of Plaintiffs' abilities and willingness to work.

91. Upon information and belief, Defendant Jamie Taylor made aforementioned false statements and engaged in aforementioned tortious conduct with the intention to ruin Plaintiffs' reputation and to cause Plaintiffs to suffer adverse employment actions.

92. Upon information and belief, Defendants proceeded without diligence in the investigation of the April 11, 2019 incident with the intention to ruin Plaintiffs' reputation and to cause Plaintiffs to suffer adverse employment actions.

93. Upon information and belief, Defendants made aforementioned false statements with the intention to ruin Plaintiffs' reputation and to cause Plaintiffs to suffer adverse employment actions.

11

FILED DATE: 4/12/2021 2:44 PM    2021L003832

94. Upon information and belief, Defendants engaged in aforementioned tortious conduct with the intention to ruin Plaintiffs' reputation and to cause Plaintiffs to suffer adverse employment actions.

95. As a direct and proximate cause of Defendants' actions, Plaintiffs were damaged relative to, but not limited to, loss of past and future earnings and deductions to their competitive position in the marketplace.

96. Plaintiffs have been damaged by Defendants' tortious conduct, in that their employment history is damaged by a prolonged gap in work history, which gap will impede attempts to gain future employment.

97. As a result of the tortious actions of Defendants in their interference with Plaintiffs' prospective economic relations, the full amount of pay withheld from Plaintiff Bradlee Joiner, less his wages earned from temporary employment, is now due in the amount of $115,000.00, in addition to $65,000.00 of future pay for a total of $180,000.00, which amount continues to accrue, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

98. As a result of the tortious actions of Defendants in their interference with Plaintiffs' employment, the full amount of pay withheld from Plaintiff Anthony Badger, less his wages earned from temporary employment, is now due in the amount of $55,000.00, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR jointly and severally and award costs, fees, and damages in the amount of 180,000.00 to be awarded to Plaintiff Bradlee Joiner and $55,000.00 to be awarded to Plaintiff Anthony Badger.

## COUNT V – FRAUDULENT CONCEALMENT

99. Plaintiff incorporates and realleges Paragraphs 1-98 as if set forth fully herein.

100. Upon information and belief, at all relevant times, defendants were in possession of all of the information they needed to expediently and diligently investigate and conclude that Defendant Jamie Tayler had made false statements regarding Plaitniffs' actions on April 11, 2019.

101. Upon information and belief, at all relevant times, defendants were in possession of all of the information they needed to expediently and diligently investigate and conclude that both defendants responded to the incident of April 11, 2019 in a manner consistent with their training.

102. During the many months that Defendants were purportedly investigating the April 11, 2019 incident, Defendant Paragon Systems concealed information from Plaintiffs that Defendant Paragon Systems knew was relevant and important to Plaintiffs' employment and livelihood.

103. At the time of the filing of this Complaint, Defendant Paragon Systems has continued to conceal any results of the investigation from Plaintiff Bradlee Joiner.

104. Defendant Paragon Systems failed to respond to Plaintiffs' multiple requests regarding the results of the investigation.

105. Defendants' fraudulent concealment directly and proximately caused Plaintiffs to suffer lost wages.

106. As a direct and proximate result of the fraudulent actions of Defendants in their interference with Plaintiffs' employment, the full amount of pay withheld from Plaintiff Bradlee Joiner, less his wages earned from temporary employment, is now due in the amount of $115,000.00, which amount continues to accrue, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

13

FILED DATE: 4/12/2021 2:44 PM    2021L003832

107. As a direct and proximate result of the fraudulent actions of Defendants in their interference with Plaintiffs' employment, the full amount of pay withheld from Plaintiff Anthony Badger, less his wages earned from temporary employment, is now due in the amount of $55,000.00, owing and unpaid, plus interest at the legal rate from and after the date due according to proof.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR, jointly and severally and award costs, fees, and damages in the amount of 115,000.00 to be awarded to Plaintiff Bradlee Joiner and $55,000.00 to be awarded to Plaintiff Anthony Badger.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108. Plaintiff incorporates and realleges Paragraphs 1-107 as if set forth fully herein.

109. Upon information and belief, Defendants took all of the aforementioned actions and made all of the aforementioned statements in order to justify their own actions, which they knew were illegal, and in order to advance their own interests at the expense of Plaintiffs' interests and reputation.

110. Defendants' foregoing false and unfounded statements constitute extreme and outrageous conduct exceeding the bounds of human treatment, as no member of society should reasonably tolerate being mischaracterized on a falsified federal report, and being falsely portrayed as incompetent and irresponsible.

111. Defendant Paragon Systems intentional delay in completing its investigation constitutes extreme and outrageous conduct exceeding the bounds of human treatment, as no member of society should reasonably tolerate being suspended without pay for nineteen (19) to twenty-four (24) months, without any communication despite repeated inquiries.

14

FILED DATE: 4/12/2021 2:44 PM   2021L003832

112. Defendant Paragon Systems' concealment of the facts of this investigation, including a false statement on a federal form, constitutes extreme and outrageous conduct exceeding the bounds of human treatment, as no member of society should reasonably tolerate being mischaracterized on a falsified federal report, and being falsely portrayed as incompetent and irresponsible.

113. Defendants took all of the aforementioned actions with the intent to cause Plaintiffs emotional distress, or with reasonable certainty that its statements would cause Plaintiffs emotional distress.

114. Defendants knew that its aforementioned actions would cause each one of the aforementioned harms, and, therefore, intentionally inflicted emotional distress on Plaintiffs.

115. By engaging in the foregoing actions, Defendants intended to cause, or recklessly disregarded the high probability of causing Plaintiffs to suffer severe emotional distress.

116. As a result of the foregoing acts of Defendant, Plaintiffs suffered severe and extreme emotional distress including, but not limited to, past and future impairment of ability to enjoy life, mental suffering, and harm from loss of sleep.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants PARAGON SYSTEMS, INC. and JAMIE TAYLOR and award costs, fees, and damages in an amount in excess of $335,000.00 in compensatory damages, to be proven at trial, plus punitive damages, plus attorney fees, costs, prejudgment interest and any other relief this court deems just and proper.

Respectfully submitted,

/s/ Christina A. Papavasiliou
Attorney for Plaintiffs

Dated: April 12, 2021

15

FILED DATE: 4/12/2021 2:44 PM    2021L003832

CHRISTINA A. PAPAVASILIOU
Trial Attorney
Attorney for Plaintiffs
180 N. LaSalle St., Ste. 3700
Chicago, Illinois 60601
P: (312) 379-9580
F: (312) 264-0813
christina@cplawchicago.com

16

FILED DATE: 4/12/2021 2:44 PM   2021L003832

## VERIFICATION

Under penalties as provided by law pursuant to 5/1-109 of the Illinois Code of Civil

Procedure, the undersigned certifies that the statements set forth in the Verified Complaint are

true and correct, except as to matters therein stated to be on information and belief and as to

such matters the undersigned certifies as aforesaid that the verily believes the same to be true.

Bradlee Joiner

17

FILED DATE: 4/12/2021 2:44 PM   2021L003832

VERIFICATION

Under penalties as provided by law pursuant to [illegible] of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in the Verified Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she believes the same to be true.

Anthony Badger

18

# Exhibit B

## <u>CERTIFICATION</u>

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Bradlee Joiner, et al, v. Jamie Taylor, et al.*, No. 2021 L 003832 (Circuit Court of Cook County, Ill.), and that on the basis of the information now available with respect to the incidents referred to therein, I certify that Jamie Taylor was acting within the scope of his employment as an employee of the United States at the time of the incidents out of which the claim arose.


       s/ Thomas P. Walsh
       THOMAS P. WALSH
       Chief, Civil Division
       Office of the United States Attorney
          for the Northern District of Illinois

Date: September 9, 2021